## GAULT'S APPEAL.

A surety on a judgment note given by a partnership can not complain that the creditor did not enter judgment against the partners individually.

Appeal from the Common Pleas of Perry County. No. 67 January Term, 1883.

A judgment was entered on a judgment note for for $76.-30, signed by E. Neyhart & Son, and by E. C. Gault. It was in favor of W. H. Minick. Judgment was entered to 224 January Term, 1882. On the 13th June, 1882, Edward C. Gault filed a petition setting forth that he was the surety of Eli and Alva R. Neynart; that said Eli and Alva R. Neyhart were partners under the firm name of E. Neyhart & Son, and owned a flouring mill property in which they carried on their partnership business, which was sold at Sheriff's sale on April 6, 1882, for $6,900, and that this money was ruled into Court and distributed on the 1st May, 1882, and that when said

judgment of Minick, No. 224 January Term, 1882, was reached there was a fund of $1,800 belonging to Alva R. Neyhart. Owing the fact that the judgment was entered against E. Neyhart & Son, instead of against E. Neyhart and Alva Neyhart, no part of said fund could be applied to this payment, as the debt of Alva R. Neyhart. That the negligent manner in which Minick entered said judgment, i. e., instead of naming Alva R. Neyhart as defendant he entered judgment against him by the designation, son of Eli. the father prevented the application of $1,800 to this payment, and, in equity, Gault as surety was discharged. Minick filed an answer in which he stated that he received the note by letter, and did not know who held the title to the real estate. That Gault did not advise him as to the title. That in the letter containing the note, as aforesaid, Gault had written, "please discount for me," and, being well acquainted with Gault's financial standing, he had full confidence in him. That he discounted it on the faith of Gault's endorsement.

The Court discharged the rule to open the judgment on Oct. 2nd, 1882, in the following op nion, per

BARNETT, P. J.:

This is an application 1 y E. C. Gault to open the above mentioned judgment and let him into a defence. The said judgment was entered by virtue of an obligation of which the following is a copy:

$76.30.                                    March 2, 1882.

Sixty days after date we promise to pay to the order of W. H. Minick $76.30, without defalcation for value received, and we hereby confess judgment for the above sum, with costs of suit, release of errors, without stay of execution, with five per cent. added for collection fees ; and we also waive the right of inquisition on any real estate that may be levied upon to collect this note, and do hereby voluntarily condemn the same, and authorize the Prothonotary to enter upon the *fi. fa.* said condemnation ; and we further agree that the said real estate may be sold upon a *fi. fa.* ; also waiving all exemption laws of this commonwealth exempting property from levy and sale.

E. NEYHART & SON.

E. C. GAULT.

Mr. Gault is the surety of E. Neyhart & Son. The real estate of E. Neyhart and Alva R. Neyhart, his said son, was sold on execution and the proceeds arising from the sale of Alva R. Neyhart's real estate were appropriated to judgments in which said Neyhart appeared as a defendant by his full name. Had he so appeared in Mr. Minick's judgment, the same would have been satisfied out of the said proceeds of sale. And it is contended that the negligence of the plaintiff in so entering his judgment that it failed to be thus satisfied, discharges the surety. In the case of the United States vs. Simpson, 3 P. & W. Rep., 437, Chief Justice Gibson says: "That a loss from indulgence which is purely *permissive* will discharge a surety, is unsupported by authority and in contradiction of the most obvious principles of justice; such loss being fairly attributable to the surety's own negligence in omitting to warn the creditor to proceed, without which he may not know a loss is impending—actual detriment is not the criterion or a material ingredient. If the creditor has *disabled himself* the surety is *ipso facto* discharged; if he has not, no eventual loss from delay will produce that effect." In Geddis vs. Hawk, 1 W., 280; the same Chief Justice says (page 287) "that a creditor is not bound to *apply his securities,* or resort to the principal in the first instance, is a conceded result of the precedents and practice of Courts of Equity here and elsewhere." "What more is there in the case to affect these obligees? They incurred no disability to sue the principal obligor; parted with no means of obtaining satisfaction from him; disregarded no monition of the surety; impaired no security; nor did any other act or thing which is usually supposed to dissolve the contract." In Stewart vs. Behm, 2 W., 356, it is ruled that when a member of a firm signed and sealed a note in the name of the firm, the surety will not be relieved although he signed in the belief that both members of the firm would be bound. In Richards vs. The Commonwealth, 4 Wr., 146, it is decided that failure to claim the debt from the assignee of the debtor does not discharge a surety. Staying an execution before actual levy will not discharge a surety; the creditor must have had the means actually in his hands, or at least a specific lien upon it, to produce such a

result; Morrison vs. Hartman, 2 II., 55. The duty of performing the contract or seeing that it is performed is on the surety; and he cannot require the creditor to assume any part of a burden which he has made his own. The creditor may even stop short in a proceeding against the principal, which would be effectual if prosecuted to judgment, and the discontinuance results in a loss of the debt. He may obtain judgment against the principal on a bond and suffer the lien to be lost, and afterwards sue the surety on the same bond and be entitled to recover against him.; Mundorff vs. Singer, 5 W., 172.

The general rule seems to be that if the creditor had been guilty of no *positive* act which may result in injury to the surety; if he has not parted with the means of payment actually or potentially within his hands; has not released the lien of a levy, or satisfied a judgment; has not relinquished any effectual hold that has been actually acquired; has not *impaired* any security, so that the surety cannot avail himself of it as the principal might have done before its impairment —the surety will not be discharged; see notes to Rees vs. Bennington, Leading Cases in Equity, more particularly on page 1,900.

It is contended, however, that the negligent manner of entering the present judgment *has* so impaired the original obligation by virtue of which it was entered, that it cannot now be made available against Alva R. Neyhart, and that therefore the surety is relieved. But we are of the opinion that our statutes of amendment (see Purdon's Digest, page 68) are sufficiently comprehensive to enable the name of Alva R. Neyhart to be substituted for "Son," as a defendant in the judgment; and that the surety has therefore suffered no greater injury than if the judgment had never been entered; and in the latter event, under the circumstances of this case we think it is clear that the surety would have been without defence. After a careful consideration, therefore, we consider it our duty to discharge this rule.

———————————

Gault then appealed to the Supreme Court, complaining of

the action of the Court below in refusing to open the judgment.

*B. F. Junkin, Esq.*, for appellant, argued that the creditor is bound to see that the judgment is rightly entered or he is in default; Ridgway's Appeal, 15 Penna., 177; Hutchinson's Appeal, 92 Penna., 186; Coyne vs. Souther, 61 Penna., 455. Minick was bound to enter the judgment effectively, so as to protect the interest of the surety; Schuylkill Bank vs. Macalester, 6 W. & S., 140; Richards vs. Commonwealth, 40 Penna. 146. Where the creditor is guilty of laches as against the principal, the surety is discharged; Capel vs. Butler, 2 Simons, 475; Watson vs. Alcock, 19 E. L. and E., 64; Bellas vs. Haas, 16 S. & R., 252; Commonwealth vs. Miller, 8 S. & R., 457; Anderson vs. Levan, 1 W. & S., 334. A failure to revive a judgment, assigned as security relieves the surety; Collingwood vs. Irwin, 3 W., 306; Lake vs. Barton, 39 E. L. & E., 443; Heddon vs. Bishop, 5 R. I., 29; Kuhns vs. Westmoreland Bank, 2 W., 136; Zimmerman vs. Briggans, 5 W., 186.

*Lewis Potter, Esq.*, for appellee, argued that E. C. Gault wrote the following letter which accompanied the note in question:

*Mr. Wm. H. Minick,*

DEAR SIR: I enclose the note for $76.30 and please discount for me. Please send me $75. That will be allowing you 10 per cent. interest. Will pay part of it when due. Send soon and oblige Yours Truly,

E. C. GAULT.

The appellant admits that E. C. Gault got the proceeds of the note. Minick knew that Gault was financially responsible, and looked to him as a substantial party. The judgment upon the note can be amended; Act of 4th May, 1852 section 2, P. L., 574. Minick has not disabled himself from proceeding; and hence the surety is not discharged; Mundorf vs. Singer, 5 W., 172. The cases cited by the appellant are not applicable to this case.

The Supreme Court affirmed the decree of the Common Pleas on May 21st, 1883, in the following opinion,

PER CURIAM:

The appellant is in no position to complain of the manner in which judgment was entered against all the makers of the note. When he signed the note the firm name of the other makers was upon it. He adopted it and gave currency to it in the form it then existed. The holder had an undoubted right to enter it just as it passed from the hands of the appellant. The latter has not shown any equity which he can invoke against the appellee. Mere delay of the latter under the facts shown is not sufficient to discharge the appellant.

> Decree affirmed and appeal dismissed at the costs of the appellant.